# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES of AMERICA** ) | |
| ) | |
| **v.** ) | **Criminal No.** |
| ) | **10-40003-FDS** |
| **PAUL V. BURDULIS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

**SAYLOR, J.**

On April 5, 2012, a jury found petitioner Paul Burdulis guilty of possession of child pornography in violation of 18 U.S.C. § 2252(a).  On June 28, 2012, the Court sentenced him to 108 months of incarceration, to be followed by a ten-year period of supervised release.  He has now moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

In his motion, Burdulis contends (1) that his appellate counsel was ineffective in failing to challenge his sentence; (2) that his appellate counsel was ineffective in failing to challenge the procedural reasonableness of the term of supervised release; (3) that pre-trial counsel was ineffective in arguing a motion to suppress evidence; (4) that searches executed on his property were unreasonable in violation of the Fourth and Fourteenth Amendments; (5) that the admission of hearsay evidence violated his rights to due process and confrontation under the Fourteenth and Sixth Amendments; and (6) that the definition of "produce" in the jury instructions violated the separation of powers and the due process guarantee of fair notice.  He is proceeding *pro se*.

For the reasons set forth below, the petition will be denied.

I.    **Background**

In May 2009, Paul Burdulis approached a thirteen-year-old boy at a golf course.  He handed him a note containing his name, an e-mail address, a phone number, and the words "call me!"  (Gov't Reply Br. at 2).  The boy reported the contact to the police.  Over the next few days, Burdulis communicated by e-mail with someone he believed to be that boy, but who was in fact an undercover officer.  (*Id.*).  During the course of those conversations, Burdulis suggested that they meet in person; suggested that they share a bubble bath; asked if the boy had photos of himself; offered to send him pornography; and sent a photograph of his own naked torso and penis.  (*Id.*).

On May 12, 2009, a detective obtained a warrant to search Burdulis's home based on that evidence.  (*Id.*).  During the search, the police seized several electronic devices, including computers, and a thumb drive stamped with the words "Made in China."  (*Id.* at 3-4).  During a search of the thumb drive on May 19, 2009, an officer came across photographs that he believed to be child pornography.  (*Id.* at 4).  The thumb drive was ultimately found to contain at least two hours of child pornography videos.  (Tr. 2: 170-71, 173).

On January 21, 2010, a grand jury returned an indictment against Burdulis charging him with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  Initially, Syrie Fried, an assistant federal public defender, was appointed as counsel for Burdulis.  While she was serving as counsel, she filed a motion to suppress all evidence obtained during the search of his home, and any subsequent searches of the items seized, on the grounds that the warrants were overbroad and did not establish probable cause.  Although the Court initially granted the motion in part and denied it in part, upon the government's motion for reconsideration, the Court amended its decision to deny the motion to suppress in its entirety.

On April 28, 2011, William Fick, also an assistant federal public defender, entered an appearance for Burdulis.  On June 22, 2011, attorney Fried moved to withdraw as counsel.  On August 11, 2011, attorney Fick filed a motion for reconsideration of the denial of the motion to suppress; the Court heard argument on the motion, but ultimately denied it.

On March 20, 2012, the government filed a motion in limine requesting a ruling that the "Made in China" label on the thumb drive was admissible as evidence that the thumb drive travelled in interstate commerce.  Attorney Fick filed an opposition, but the Court ruled in favor of the government.  (Electronic Order, April 4, 2012).

At the conclusion of the trial, the Court instructed the jury, among other things, that an image was "produced" using materials that had been transported in interstate commerce if any of the materials "onto which the image was transferred or copied" had been transported in interstate commerce. (Docket No. 147 at 221).  The jury returned a verdict of guilty on April 5, 2012.  (*Id.* at 232).

The sentencing hearing took place on June 28, 2012.  Burdulis had previously been convicted of possession of child pornography by a military court under U.C.M.J. Art. 134.  In addition, police had found child pornography on his computer in 2008.  He had not been convicted of that offense due to the officers' failure to obtain a warrant before searching his computer.  The Court determined that the statutory minimum mandatory sentence and higher maximum sentence did not apply, as he had not been convicted under the relevant statutory provision.  (Tr. of Disposition at 12).  The Court also determined that the guideline enhancement for use of a computer should be applied, even though it applied to almost all offenders and did not distinguish between more and less serious offenses.  (*Id.* at 17).

The Court sentenced Burdulis to 108 months of incarceration, to be followed by a ten-

3

year period of supervised release.  The sentence was above the guideline range, and was imposed

in large part due to Burdulis's history of similar offenses and because he had interacted with an

actual child in the present offense.

Burdulis appealed his conviction on the grounds that the search warrant was invalid for

being overbroad and for not being supported by probable cause, and that the copying of the

images onto the thumb drive was not sufficient to meet the jurisdictional element of interstate

commerce.  (Pet. Mot. to Vacate, Docket No. 181 at 2).  On appeal, Burdulis was represented by

a third lawyer, Judith Mizner.  (*Id.* at 15).  The Court of Appeals upheld the conviction.  (*Id.* at

2).  His petition for certiorari was denied.  (*Id.*).

On October 29, 2015, Burdulis filed a timely motion to vacate, set aside, or correct the

sentence, pursuant to 28 U.S.C. § 2255.

## II.    Analysis

### A.    Standard of Review

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255(a); *see also Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002) ("In

essence . . . section 2255 is a surrogate for the historic writ of habeas corpus.").

A petitioner can obtain post-conviction relief under § 2255 "only when the petitioner has

demonstrated that his sentence '(1) was imposed in violation of the Constitution, or (2) was

imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was

otherwise subject to collateral attack.'"  *Moreno-Morales v. United States*, 334 F.3d 140, 148

(1st Cir. 2003) (quoting *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998)).  "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *David*, 134 F.3d at 474 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  A "petitioner bears the burden of establishing that [he] is entitled to relief under § 2255." *Troy v. United States*, 946 F. Supp. 2d 172, 177 (D. Mass. 2012) (citing *David*, 134 F.3d at 474).

## B.  Whether Appellate Counsel Was Ineffective in Failing to Challenge the Sentence

Petitioner contends that his appellate counsel should have challenged the sentence of incarceration as being unreasonably long.  He contends that there are five grounds on which the sentence was defective:  (1) the Court impermissibly used his past criminal conviction twice in calculating his sentence; (2) the two-level enhancement under the sentencing guidelines for use of a computer, U.S.S.G. § 2G2.2(b)(6), should not have been applied; (3) his sentence was disproportionately long in comparison to the sentences of similarly-situated offenders; (4) the sentence was based on speculation about his likelihood to commit further crimes; and (5) the availability of a downward adjustment in the sentencing guideline range for acceptance of responsibility is actually a punishment for defendants who use their constitutional right to a trial by jury.

The standard for determining claims of ineffective assistance of counsel are set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner must demonstrate (1) counsel's performance "fell below an objective standard of reasonableness" and (2) counsel's performance prejudiced the defense so that there is a "reasonable probability" that the outcome would have been different absent the deficient performance.  *Id*. at 687-88, 694-95.  Reviewing

courts are not required to address the two prongs in that order; if it is possible to dispose of a claim on the grounds that petitioner did not suffer prejudice, a court does not need to address the reasonability of counsel's performance. *Id.* at 697.

Under *Strickland*, reasonable performance on the part of the attorney is presumed, and petitioner bears the burden of overcoming that presumption. *See id.* at 689; *Cirilo-Munoz v. United States*, 404 F.3d 527, 530 (1st Cir. 2005). Furthermore, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. If an attorney's choice or course of action can reasonably be characterized as trial strategy and was "made after thorough investigation of law and facts relevant to plausible options," those decisions "are virtually unchallengeable . . . ." *Strickland*, 466 U.S. at 690; *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007) (quoting *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)) (stating that counsel "has 'wide latitude in deciding how best to represent a client'").

Even if a petitioner can show that the attorney's performance was objectively unreasonable, he or she must also show prejudice. To do so, a petitioner must show that there is a "probability sufficient to undermine confidence in the outcome" that if it were not for counsel's deficient performance, the petitioner would have obtained a more favorable result. *Strickland*, 466 U.S. at 694.

## 1.      Alleged Double-Counting of Prior Conviction

Petitioner contends that the Court impermissibly used his prior military conviction twice in determining his sentence: once when calculating his criminal history category and again in deciding to impose an above-guideline sentence. However, even if the entire variance from the guidelines was based on the prior conviction alone—which it clearly was not—the petitioner would not have a cognizable claim. The existence of a prior conviction was used in determining

his criminal history category without regard for what type of offense he had previously committed. Thus, that criminal-history calculation did not account for the fact that his prior conviction was of the same type as the offense of conviction in the present case. Therefore, it was within the Court's discretion to take that aspect of petitioner's criminal background into account when deciding to increase the sentence above the guideline range.

The statute that determines the minimum and maximum sentences for the offense of conviction specifically refers to related crimes, and allows prior convictions of specific related crimes to increase the maximum possible sentence. 18 U.S.C. § 2252(b)(2). Here, petitioner's prior conviction did not fall into one of the enumerated statutory categories, and therefore did not alter the maximum and minimum permissible sentences. However, it was a conviction for a similar crime, and therefore it was well within the Court's discretion to give an above-guideline sentence that took into account that prior conviction. Although petitioner's counsel on appeal could have raised the issue, it is highly unlikely that the failure to do so prejudiced him, as it is well-established that "a district court may rely on the same fact for multiple sentencing purposes." *United States v. Sepulveda-Hernandez*, 817 F.3d 30, 35 (1st Cir. 2016).

In addition, petitioner mischaracterizes the Court's rationale for imposing an above-guideline sentence. The Court did not give a sentence above the guideline range simply because petitioner had a previous conviction; it also considered the nature of that conviction, subsequent criminal conduct that did not result in a conviction, and the facts of the current conviction. The alleged double-counting of the prior conviction was only one factor supporting the increased sentence. And even if the Court had departed from the guidelines based on the prior conviction alone, petitioner would not have a cognizable claim for impermissible double-counting.

### 2.    Enhancement for Use of a Computer

As petitioner acknowledges in his reply, the sentencing guidelines do not limit the application of the enhancement for use of a computer to situations where the computer increased the gravity of the offense.  *See* U.S.S.G. § 2G2.2(b)(6).  The Court did not calculate the sentencing guidelines improperly, and it is not an abuse of discretion for a court to fail to depart downward from the guidelines simply because the computer did not increase the severity of the crime.  Petitioner's appellate counsel therefore did not fall below an objective standard of reasonableness in deciding not to challenge the sentence on that basis.  Given the absence of case law suggesting that it is inappropriate to apply a computer-related enhancement in this type of case, the failure to raise the issue also did not prejudice petitioner; there is no reason to believe that the appellate court would have reversed the sentence even if petitioner had raised the issue. In fact, it is well-established that an appellate court will not overturn a defendant's sentence on such a basis even if counsel raises the issue.  *See United States v. King*, 741 F.3d 305, 308 (1st Cir. 2014) ("A frontal assault on the guidelines cannot, without more, afford a persuasive basis for a claim of sentencing disparity, much less for a claim of substantive unreasonableness."). Therefore, appellate counsel did not act unreasonably in choosing not to raise that issue on appeal, and petitioner has not demonstrated and resulting prejudice.

### 3.    Alleged Disproportionate Length of Sentence

Petitioner next contends that his sentence was disproportionately long in comparison to similarly-situated offenders.  In support of that claim, he cites two instances in which individuals who were found to have possessed greater amounts of child pornography received shorter prison terms.  However, both defendants in the cited cases pleaded guilty and received decreases in the sentencing guidelines range based on acceptance of responsibility.  *United States v. Hayes*, No.

14-40033-TSH, Plea Agreement, Docket No. 36 at 3; *United States v. Felicio*, No.

14-00117-S-LDA, Plea Agreement, Docket No. 19 at 2.  Furthermore, there is nothing to

indicate that either of them had ever been previously convicted of any offenses, much less one

related to child pornography.  Nor was there any indication in either case that the defendant

approached an actual child, as opposed to simply viewing images online.

During sentencing, courts are required to consider the need to reduce sentencing

disparities between defendants who have been "found guilty of similar conduct."  18 U.S.C.

§ 3553.  Although petitioner was not convicted of one of the offenses specifically listed in

§ 2252(b)(2), which would have led to a mandatory minimum sentence of ten years, he was

found guilty of essentially similar conduct by a military court.  Therefore, the nine-year prison

sentence was not disproportionately long in comparison to the sentences of similarly-situated

offenders.

Petitioner further contends that his sentence is disproportionate because the Court applied

a guideline increase on the basis that more than 600 images of child pornography were

attributable to him.  (Pet. Reply Br. at 7; Tr. of Disposition at 33).  Although the application

notes to the sentencing guidelines call for videos to be counted as 75 images each, and only three

videos were found to be attributable to petitioner, the notes also indicate that videos of longer

than five minutes should be counted as more than 75 images.  U.S.S.G. § 2G2.2 cmt. 4.  In this

case, it appears that there were at least 120 minutes of video total.  Thus, even though there were

technically only three separate videos, the enhancement of five levels rather than three was

appropriate.  Petitioner's counsel was not acting below an objective standard of reasonableness

in deciding not to raise this issue.  Even if petitioner's counsel had raised the issue, the result

would not likely have changed, and therefore he has not demonstrated any prejudice from

counsel's failure to raise the issue.

### 4.       Alleged Speculation as to Future Offenses

In his original motion to vacate, petitioner stated that the Court "increased [his] sentence relying on non-fact-based speculation about possible future offenses." (Pet. Mot. to Vacate at 10). Consistent with 18 U.S.C. § 3553(a)(2)(C), the Court did consider the likelihood that petitioner would commit similar offenses in the future, and accounted for that in the sentence it ultimately imposed. Although there can never be absolute certainty as to what a particular individual will do in the future, it is well-established that a sentencing judge can take into account whether he or she poses a high risk of recidivism. *United States v. Politano*, 522 F.3d 69, 74-75 (1st Cir. 2008); s*ee also United States v. Flores-Machicote*, 706 F.3d 16, 21-22 (1st Cir. 2013). Here, the Court stated the specific facts that led to the conclusion that petitioner was likely to commit a similar offense again—including the fact that petitioner had previously been convicted of a similar offense, and after serving that sentence, committed the present offense. Because it was well within the Court's discretion to determine that petitioner was likely to commit another offense in the future, the sentence would not likely have been overturned on appeal even if counsel had raised the issue, and therefore, petitioner was not prejudiced by counsel's failure to do so.

In his reply brief, petitioner changes his argument somewhat to focus on the inferences he contends that the Court drew from the facts established at trial related to his conduct. It is within the authority of a sentencing judge to draw reasonable inferences from established facts in determining how severe a sentence to impose. *United States v. Blackman*, 625 F. App'x 231, 238 (6th Cir. 2015). Although petitioner contends that the Court was merely speculating that petitioner intended to have sexual contact with the boy he approached at the golf course, the

Court was acting within its discretion by factoring into the sentencing the fact that petitioner had contact with an actual child.[1]  It would not be unreasonable to infer that a man who asks a young boy to "call him," invites the boy to share a bubble bath with him, invites the boy to have a sleepover at the man's house, requests photos of the boy, suggests that the boy come to his house to take photos of himself, and sends the boy nude photos of himself, ultimately intends to have some sort of sexual encounter with the boy.  Even if, however, the Court had used the inferences petitioner claims it made in determining his sentence, any failure by counsel to raise the issue did not result in prejudice.

5.      **Acceptance of Responsibility**

Petitioner further contends that the sentencing guideline reduction for acceptance of responsibility violates his Sixth Amendment right to a trial by jury.  *See* U.S.S.G. § 3E1.1.  Similar arguments have been put forth by petitioners in other cases, and it is well-established that the reduction is not unconstitutional.  *United States v. Paz Uribe*, 891 F.2d 396, 400 (1st Cir. 1989); *see also United States v. De Jongh*, 937 F.2d 1, 5 (1st Cir. 1991); *United States v. Munoz*, 36 F.3d 1229, 1237 (1st Cir. 1994).  Because this claim could not succeed even if raised, counsel was not acting unreasonably in deciding not to argue it on appeal.  Therefore, petitioner cannot prevail on this basis.

C.      **Whether Appellate Counsel Was Ineffective for Failing to Challenge the Term of Supervised Release**

1.      **Whether the Claim Is Cognizable**

Petitioner also contends that his post-incarceration sentence of supervised release is procedurally unreasonable and that appellate counsel was ineffective in failing to challenge it.

---

[1] The transcript of the sentencing reflects that the Court was influenced "by the fact that the petitioner did approach a real boy and thought that he was communicating by email with a real boy."  (Tr. of Disposition, Docket No. 149 at 54).

The government contends that this claim is not cognizable because even if his argument were successful, petitioner would not be claiming the right to be released.  However, because he is currently serving part of the same sentence, and because the terms of his future supervised release are restrictive, he can seek a modification to his sentence under § 2255.  *See Aldridge v. United States*, 405 F.2d 831, 832 (9th Cir. 1969) ("if [petitioner] is entitled to a reduction of time to be served, this may be ordered in a habeas corpus proceeding notwithstanding the fact that it will not entitle him to immediate release"); *United States v. Hollenbeck*, 932 F. Supp. 53 (N.D.N.Y. 1996) (allowing a six-month reduction in prison sentence upon § 2255 petition by prisoner who would continue to be incarcerated for several months after the decision).[2] Furthermore, supervised release enacts sufficient restrictions on a petitioner's freedom to meet the requirement that a petitioner be "in custody" when bringing a claim under § 2255.  *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997); s*ee also Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (finding that a parolee was in custody for the purposes of a habeas corpus petition).

## 2.  <u>Whether the Claim Is Meritorious</u>

Petitioner's argument as to the claim concerning his supervised release has two parts. First, he contends that the Court treated the sentencing guidelines as mandatory in imposing a term of supervised release, which was procedurally unreasonable.  Second, he contends that it is improper to impose a sentence of supervised release that could cause a defendant to be subject to incarceration beyond the maximum period authorized by statute.

Although it is true that the sentencing guidelines are not mandatory, and that it would be error for the sentencing court to treat them as such, that is not what happened here.  The Court in

---

[2] Although the petitioner in that case originally filed a motion under 18 U.S.C. § 3582(c)(2), the court treated it as a § 2255 petition.

this case found that it was required to impose a sentence of supervised release not under U.S.S.G. § 5D1.1, but rather under 18 U.S.C. § 3583(k), a statute that the Court was not at liberty to disregard. *See United States v. Jones*, 289 F. App'x 798, 799 (5th Cir. 2008); *United States v. R.V.*, 2016 WL 270257, at *33 (E.D.N.Y Jan. 21, 2016).

Petitioner further contends that it is impermissible to impose a term of supervised release that could result in a period of incarceration longer than the statutory maximum. However, it is well-established that "the combined sentence of years of imprisonment plus years of supervised release may exceed the statutory maximum number of years of imprisonment authorized by the substantive statute applicable to the crime of conviction." *United States v. Work*, 409 F.3d 484, 489-90 (1st Cir. 2005). Because legal precedent is clear on this issue, appellate counsel was acting reasonably in choosing not to pursue this issue on appeal. In addition, because it was within the Court's discretion to impose the term of supervised release in this case, petitioner was not prejudiced by appellate counsel's failure to challenge the sentence.

It appears from petitioner's reply brief that he is also challenging the substantive reasonableness of the term of supervised release. He claims that "the Court misapplied the requirements of 18 U.S.C. § 3553(a), either by not treating the Guidelines as advisory, or by choosing a sentence based on clearly erroneous facts." Because he does not elaborate further as to what erroneous facts the supervised release was based on, it must be assumed that he is incorporating his arguments from Count One into this section. However, as those contentions were unsuccessful in challenging the term of incarceration, they would also be unsuccessful in challenging the term of supervised release.

**D.     Whether Pre-Trial Counsel Was Ineffective for Failing to Address the Motion to Suppress**

Petitioner contends that his trial counsel was ineffective in failing to submit the reasons

for the motion to suppress in writing.  He contends that attorney Fried failed to make a sufficient argument that there was no probable cause to issue the search warrant.  As an initial matter, it appears that counsel did include an argument as to why there was not probable cause to issue a search warrant in her brief on the motion to suppress.  However, petitioner contends that subsequent counsel, attorney Fick, attempted to raise issues that attorney Fried failed to address, but those attempts were barred on procedural grounds.

In fact, attorney Fick raised the issue in a motion to reconsider before the Court, and appellate counsel raised it on appeal before the First Circuit.  Although this Court determined that the motion was procedurally defaulted, it also concluded that the government would prevail on the merits.  Accordingly, petitioner was not prejudiced by counsel's initial failure to make petitioner's specific argument.

Petitioner's principal claim is that the warrant was invalid because there was no evidence that he had committed the crimes on which it was based.  However, the magistrate who issues the warrant does not need to have absolute certainty that a crime was committed; the only requirement is that there was probable cause.  *United States v. Burdulis*, 2012 WL 1898941, at *9.  The circumstances of the issuance of the warrant (petitioner's communications with a supposed 13-year-old, including his offers to send the child pornographic pictures, the discussion of what kind of porn the child liked, the actual sending of a nude photo of himself, the discussion of the child going to petitioner's home to have a bubble bath and take pictures of himself) were sufficient to establish probable cause that petitioner had committed the crimes of enticement of a child under sixteen and dissemination of material harmful to minors, as both this Court and the First Circuit held.  *Id.* at *10; *United States v. Burdulis*, 753 F.3d 255, 259 (1st Cir. 2012).  Even if pre-trial counsel had raised the issue, petitioner has not and cannot show that the results of the

motion to suppress would have been any different.  Because he cannot show that any prejudice

resulted from counsel's failure to raise the issue, he cannot succeed on this issue.

> **E.**     **Whether the Searches Were Unreasonable, Whether the Hearsay Evidence Was Admissible, and Whether the Definition of "Produced" Was Permissible**

Petitioner raises three additional issues, although he does not contend that they were the

result of ineffective assistance of counsel.  First, he contends that the searches of his home and

electronics were unreasonable because they were executed after the warrant was returned,

violating his rights under the Fourth and Fourteenth Amendments.  Second, he contends that the

trial court erred in admitting the "Made in China" label on the thumb drive as evidence under

Fed. R. Evid. 807 and that such admission violated his right to due process and confrontation

under the Sixth and Fourteenth Amendments.  Finally, he contends that the definition of

"produced" used by the Court and the jury in determining his guilt was overly broad, and

therefore violated the separation of powers between the legislative and judicial branches, and

violated the due process guarantee of fair notice.

Petitioner brought variations on all of these three claims in his direct appeal.  However,

the First Circuit has held:

> To the extent that [petitioner] is reasserting the argument that he made on direct
> appeal, he is barred from relitigating that issue on collateral review.  To the extent
> that he is seeking to add new elements to his constitutional claim that he failed to
> raise on direct appeal, [petitioner] is required to show cause for the failure and
> actual prejudice.

*United States v. Doyon*, 16 F. App'x 6, 9 (1st Cir. 2001) (citations omitted).  Petitioner did make

the argument at the trial court level that the search warrant could not be used to search his

electronic devices after it was returned, but failed to bring the same claim on direct appeal,

although he did challenge the breadth of the warrant.  He contends that he did not assert the

claim on direct appeal because it was not addressed during trial and was therefore not ripe for

appeal.  However, he did assert a claim with an almost identical procedural history on appeal,

which the Court of Appeals addressed on its merits.  *Burdulis*, 753 F.3d at 259.  Petitioner has

not given a sufficient reason as to why he did not raise this claim on appeal, and therefore, it has

been procedurally defaulted.

Petitioner contends that the "Made in China" label on the thumb drive was hearsay and

its admission violated his rights under the Fourteenth and Sixth Amendments.  He asserts four

grounds for that claim:  (1) the government did not show that the evidence was "more probative

than any other evidence that could reasonably be procured;" (2) Fed. R. Evid. 902, upon which

the court relied in admitting the evidence, improperly requires proof by a preponderance of the

evidence and not proof beyond a reasonable doubt; (3) no witness testified to the origin of the

thumb drive; and (4) the government did not notify petitioner that it would use the residual

exception to admit the hearsay.  (Pet. Mot. to Vacate at 10).  Petitioner raised the first and fourth

grounds on appeal.  The First Circuit found against him on the merits of those claims, and he

therefore cannot relitigate them.  The reasons he gives for failing to bring the second and third

arguments on appeal is that lack of notice precluded him from presenting a thorough opposition,

and that his appeal addressed other aspects of the claim.  Those reasons are insufficient to show

cause for the procedural default; by the time the trial concluded and he appealed, he was on

notice that the government had relied on Fed. R. Evid. 902 in admitting the evidence and that no

witnesses had testified as to the origins of the thumb drive.  Therefore, this claim has been

procedurally defaulted.

Petitioner's final claim is that the definition of "produce" that was used by the court and

the jury was unconstitutional for violating the separation of powers doctrine and the due process

guarantee of fair notice to defendants.  On direct appeal, petitioner raised the issue of the

definition of "produce," but in the context of whether it could satisfy the interstate commerce requirement, rather than whether it violated separation of powers or due process. *Burdulis*, 753 F.3d at 261-62. The only reason petitioner gives for not challenging the definition on these grounds is that he brought it on other grounds. This is insufficient to show cause for failing to bring the claim. Therefore, this claim has also been procedurally defaulted.

**III.**   **Conclusion**

For the foregoing reasons, the motion of petitioner Paul Burdulis to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge

Dated:  August 1, 2016